UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-112 (JWB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Brandon Michael Garlow (1), | |
| Defendant. | |

This matter is before the Court on the parties' non-dispositive motions (ECF Nos. 11, 23- 24, 26-29).[1] Having reviewed the parties' submissions, the Court does not believe a hearing is necessary or would be helpful to resolve these disputes. Based on the parties' written submissions, and on the entire file, the Court enters the following Order.

**I.  The Government's Motion for Discovery (ECF No. 11)**

The Government seeks discovery and disclosure as required by Rules 16(b), 12.1, 12.2, 12.3 and 26.2 of the Federal Rules of Criminal Procedure. The Government's motion is **GRANTED** insofar as Mr. Garlow shall provide discovery to the extent required by the applicable Rules. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), as the Court previously ordered (ECF No. 14 ¶ 4), the following deadlines shall apply:

    a. Initial expert disclosures: 28 days prior to trial.

    b. Rebuttal expert disclosures: 14 days prior to trial.

---

[1] Mr. Garlow also filed a Motion to Dismiss (ECF No. 30), which the Court will address in a separate Report and Recommendation.

1

II. **Mr. Garlow's Motion for Disclosure of 404 Evidence (ECF No. 23)**

Mr. Garlow's motion for disclosure of Rule 404(b) evidence is **GRANTED.** The Government shall provide the notice required by Rule 404(b) at least **21 days** before trial, but the Court encourages the Government to disclose such evidence as soon as practicable to avoid unnecessary delays. The notice requirement does not apply to evidence that is inextricably intertwined with the offense conduct charged.

III. **Mr. Garlow's Motion to Compel Production of *Brady* Materials (ECF No. 24)**

Mr. Garlow's motion to compel the Government to disclose *Brady* materials is **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. These cases impose affirmative and ongoing disclosure obligations on the Government which the Government has acknowledged and agrees to comply with. The Government must disclose these materials as soon as practicable.

IV. **Mr. Garlow's Motion for Disclosure and Inspection (ECF No. 26)**

Mr. Garlow's motion is **GRANTED** insofar as the Government shall continue to provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, and all other applicable statutory and constitutional rules. With respect to expert discovery pursuant to 16(a)(1)(G) and 16(b)(1)(C), as the Court previously ordered (ECF No. 14 ¶ 4), the following deadlines shall apply:

a. Initial expert disclosures: **28 days** prior to trial.

b. Rebuttal expert disclosures: **14 days** prior to trial.

V. **Mr. Garlow's Motion for Disclosure of Information and Witnesses (ECF No. 27)**

Mr. Garlow moves the Court to compel the Government to disclose the names and addresses of any informant or cooperating individual who was an active participant in or witnessed

the offense charged if disclosure of the individual's identify would be useful to Mr. Garlow. He also requests the Government make those individuals available for interview.

"The Government has a general, although not absolute, 'privilege to withhold the disclosure of the identity of a confidential informant.'" *United States v. Washington*, No. 21-cr-126-ADM-ECW, 2022 WL 538878, at *16 (D. Minn. Feb. 23, 2022) (quoting *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001), *report and recommendation adopted*, 2022 WL 1658175 (D. Minn. May 25, 2022). "In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure." *United States v. Lapsley*, 334 F.3d 762, 763 (8th Cir. 2003) (citation omitted). "The court must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." *Id.* at 763–64 (quotation omitted).

There is no litmus test to determine whether disclosure is justified; instead, courts must consider "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro v. United States*, 353 U.S. 53, 62 (1957). With that said, "one of the most relevant factors to be weighed by the court in determining whether to order disclosure is whether or not the evidence is *material* to the accused's defense or a fair determination of the cause." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991) (brackets omitted) (emphasis in original) (quoting *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973)). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 878. But ultimately, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is

relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60–61.

Generally speaking, "[w]here the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense[,]" and disclosure is required. *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995). In contrast, in "cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *Harrington*, 951 F.2d at 878. Moreover, the Government's "disclosure obligation with respect to material confidential informants is generally satisfied when it provides a defendant with information pertaining to an informant's identity and location so that the defendant may contact the informant to request an interview or use the informant as a witness." *United States v. Cree*, Crim. No. 12-26(4) JRT, 2012 WL 6194395, at *5 (D. Minn. Dec. 12, 2012).

The Government acknowledges its obligations under *Roviaro* and its progeny, but does not believe any informant falls under its purview. Should that change, the Government agrees to promptly notify Mr. Garlow.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Garlow's motion. The Government need only disclose the identity of any informant who witnessed or participated in the crimes charged and whom the Government intends to call at trial. The Government shall disclose or confirm any such person's identity and whereabouts at least seven days prior to trial. *See, e.g.*, *United States v. Martin*, Crim. No. 18-268 (PJS/TNL), 2019 WL 2171815, at *4 (D. Minn. May 20, 2019) (ordering disclosure of identity of informant seven days prior to trial); *United States v. Taylor*, No. Crim. No. 18-352 (JRT/TNL), 2018 WL 6040435, at *3 (D. Minn. Nov. 19, 2018) (same); *Cree*, 2012 WL 6194395, at *5 (same). But the Government

4

is not required to make any informant available for interview. *Cree*, 2012 WL 6194395, at *5. The Court finds that seven days' notice is a sufficient amount of time for Mr. Garlow to contact any informant and request an interview. *Id.*

## VI. Mr. Garlow's Motion for Early Jencks Act Material (ECF No. 28)

Mr. Garlow's motion for early disclosure of Jencks Act material is **DENIED**. *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). However, the Court encourages the Government to disclose its Jencks material as soon as possible to avoid unnecessary delays at trial and to promote the fairness of the proceedings. The Government states that it has provided Mr. Garlow with all Jencks Act material it currently possesses and agrees to provide Mr. Garlow any material it subsequently receives no later than three calendar days prior to trial.

## VII. Mr. Garlow's Motion for Government to Retain Rough Notes (ECF No. 29)

As the Court previously ordered (ECF No. 14 ¶ 5), Mr. Garlow's motion for an order requiring the Government's investigators to retain and preserve their rough notes is **GRANTED**. Disclosure of rough notes is not required at this time.

**SO ORDERED.**

Dated: June 20, 2023

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge